## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **KEVIN RAY TAYLOR,** ) | |
|     ID # 2070100, ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:17-CV-2660-G (BH) |
| ) | |
| **PRESIDING JUDGE, 291ST** ) | Referred to U.S. Magistrate Judge |
| **JUDICIAL DISTRICT ATTORNEY,** ) | |
|         Respondent. ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this *pro se* habeas case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the *Application to Proceed in Forma Pauperis* that were received on September 28, 2017 (doc. 4) should be denied, and the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I. BACKGROUND

Kevin Ray Taylor (Petitioner) filed a "Petition for Review" and an *Application to Proceed in Forma Pauperis* that were received on September 28, 2017. (*See* docs. 3, 4.) The petition stated that he was seeking "habeas corpus relief" from a sentence in Cause No. 05-16-00708-CR in the 291st Judicial District Court of Dallas County, Texas,[1] and that the Court had jurisdiction under Rule 15 of the Federal Rules of Appellate Procedure. (*See* doc. 3 at 2.) By *Notice of Deficiency and Order* dated October 2, 2017, he was advised that to the extent he was seeking to challenge a state conviction, he had not filed his habeas petition on the appropriate form. (*See* doc. 5) The order specifically advised Petitioner that he must file an amended § 2254 petition on the appropriate form within thirty days, and that a failure to do so could result in the dismissal of the case. (*Id.*) Attached

---

[1] Public records show that Petitioner was convicted of aggravated robbery in Cause No. F08-30431, and that the judgment was affirmed on appeal in *Taylor v. State*, No. 05-16-00708-CR, 2017 WL 1046771 (Tex. App. - Dallas, March 20, 2017).

to the order was a copy of the appropriate forms for a § 2254 habeas petition. (*Id.*)

The order also advised Petitioner that the certificate of inmate trust account he had submitted in support of his request to proceed *in forma pauperis*, dated May 31, 2017, did not provide enough information to decide if *in forma pauperis* status was appropriate because it was not current and did not reflect the gifts listed in his application. (*Id.*) It advised him that he must file a current certificate of inmate trust account within thirty days, and that a failure to do could result in the dismissal of the case. (*Id.*)

By correspondence received on October 16, 2017, Petitioner noted that his petition had been docketed as a habeas corpus petition, but maintained that the nature of his claim was under Rule 15 of the Federal Rules of Appellate Procedure. By order dated October 23, 2017, Petitioner was advised that he could not proceed in the district court under that rule, and that because he was seeking federal habeas relief from a state conviction and sentence at the district court level, his petition was construed as a § 2254 petition. (*See* doc. 7.) The order provided that if Petitioner wished to pursue his habeas case in this court, he must comply with the *Notice of Deficiency and Order* dated October 2, 2017, within 30 days of that order. (*Id.*) It also provided that he must file an amended petition on the appropriate form against a proper respondent and submit an application to proceed *in forma pauperis* with a current certificate of inmate trust account or pay the $5 filing fee. (*Id.*) Finally, the order provided that failure to comply could result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

More than thirty days from the date of the October 2, 2017 *Notice of Deficiency and Order* have passed, but Petitioner has not filed his habeas petition on the appropriate form and filed a current certificate of inmate trust account or paid the filing fee. Since his October 16, 2017

correspondence, he has not filed anything else in the case.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.; see also* Misc. Order 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

Here, Petitioner's application states that he receives gifts of about $30.00 per month. His certificate of inmate trust account, dated May 31, 2017, shows a beginning balance of $30.56, and a deposit of $40.00. Because the certificate is not current, the amount of total deposits or average balance over the six months prior to the filing of the case is not apparent. The first page of the form petition submitted by Petitioner expressly gave him notice that if he has access, or has had access, to enough funds, he must pay the filing fee. It appears that he has had access to enough funds to pay the filing. He has not shown that he has had any demands on his financial resources or that he will suffer undue financial hardship after payment of the $5.00 filing fee for this habeas action, so his application should be denied.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d

3

1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner failed to comply with the October 2, 2017 *Notice of Deficiency and Order* that he file his § 2254 petition on the appropriate form and either pay the filing fee or submit an IFP application with a current certificate of inmate trust account despite a warning that failure to do so could result in dismissal of the case. Since his October 16, 2017 correspondence, he has not filed anything else in the case. Because Petitioner failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## IV. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless Petitioner files an amended § 2254 habeas petition on the appropriate form, and either pays the filing fee or submits a current certificate of inmate trust account within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED on this 21st day of November, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE